United States Court of Appeals

Fifth Circuit

**F I L E D**

**May 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30938
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUSAN MAJOR,
also known as Susan Boniol,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-189
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Susan Major appeals her sentence following her guilty-plea conviction for making false statements to a federally insured bank, in violation of 18 U.S.C. § 1014. Major argues that the district court's upward departure pursuant to U.S.S.G. § 4A1.3 was an abuse of discretion and unreasonable in light of the factors that must be considered under 18 U.S.C. § 3553(a). The district court determined that Major's offense level was 19, her criminal history category was VI, and her guideline range was 63-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

78 months. The district court departed upward to an offense level of 24 and imposed a sentence of 120 months.

The district court explained that it was moving up incrementally to the higher offense level because Major's criminal history score under-represented the seriousness of her criminal history and likelihood for recidivism under U.S.S.G. § 4A1.3. The court determined that Major has a consistent and persistent history of fraudulent conduct, that she had previously been on probation or supervised release on three occasions, that she was on supervised release when she committed the instant offense, and that she continued to be deceptive by lying to investigating officers even after confessing to the instant offense. The court indicated a belief that Major's behavior was unlikely to change in the future and that Major had abused a position of trust.

We conclude that the district court's decision to depart was consistent with the objectives of 18 U.S.C. § 3553(a) and was not an abuse of discretion. See United States v. Zuniga-Peralta, 442 F.3d 345, 347-48 (5th Cir. Mar. 2006); United States v. Smith, 417 F.3d 483, 491-92 (5th Cir.), cert. denied, 126 S. Ct. (2005); see also United States v. Saldana, 427 F.3d 298, 312-13 (5th Cir.), cert. denied, 126 S. Ct. 810 (2005).

AFFIRMED.