United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10541
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE SALINAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-179-2
--------------------

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Jorge Salinas pleaded guilty to one count of possessing with
intent to distribute more than 50 grams of a mixture and substance
containing a detectable amount of methamphetamine.  He appeals the
240-month sentence imposed by the district court, which represents
an upward departure from the guideline range of 135-68 months of
imprisonment.

Salinas first argues that the facts of the case do not support
an upward departure.  In view of evidence in the presentence report

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and at the sentencing hearing that Salinas was responsible for a quantity of "Ice" methamphetamine that was at least ten times the minimum quantity required for level 38, as well as evidence that Salinas exercised management responsibility over the property, assets, or activities of a criminal organization, the district court did not abuse its discretion in departing upwardly. See United States v. Simkanin, 420 F.3d 397, 416 n.21 (5th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006); U.S.S.G. §§ 2D1.1 comment. (n. 16), 3B1.1 comment. (n.2), 5K2.0(a).

Salinas challenges the extent of the departure, arguing that the 240-month sentence is unreasonable. He also contends that the sentence imposed by the district court was unreasonable absent consideration of intervening guidelines and ranges. The sentence imposed by the district court was not an abuse of discretion because it advanced the objectives set forth in 18 U.S.C. § 3553(a)(2) and was justified by the facts of the case. See United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006). Further, because it is clear that the district court determined that a lesser sentence would not satisfy the sentencing objectives of § 3553(a), Salinas has not shown error on the part of the district court. See United States v. Ashburn, 38 F.3d 803, 809 (5th Cir. 1994)(en banc); see also Simkanin, 420 F.3d at 419.

Salinas contends that the district court erred under United States v. Booker, 543 U.S. 220 (2005), by considering facts that

2

were not admitted by him nor proven to a jury beyond a reasonable doubt. Because Salinas was not subjected to a mandatory sentencing regime, the district court did not err by considering facts not admitted by Salinas and not found by a jury beyond a reasonable doubt. See United States v. Johnson, 445 F.3d 793, 797-98 (5th Cir. 2006).

Salinas also argues that the district court erred under Booker by considering sua sponte facts which were not contained in the presentence report nor presented at the sentencing hearing. He refers to a statement by the district court regarding the sentence received by a co-offender named Amaya. The district court's passing reference to Amaya reflects its concern with avoiding unwarranted sentence disparities, as mandated by § 3553(a)(6) and Booker, and was not error. See United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006).

**AFFIRMED.**