# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51233
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TYRONE DAVID WESLEY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-78-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tyrone David Wesley appeals the sentence imposed following his guilty plea to possession with intent to distribute five grams or more of cocaine base. The district court sentenced Wesley to 120 months of imprisonment and four years of supervised release.

Wesley asserts that the district court erred in assessing two criminal history points for his 1999 domestic violence conviction. As Wesley concedes, this issue will be reviewed for plain error only. To demonstrate plain error, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). If these conditions are satisfied, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

The record does not demonstrate a lack of representation for Wesley's 1999 domestic violence conviction. Wesley has not sustained his burden to show that his 1999 domestic violence conviction was constitutionally invalid. See United States v. Osborne, 68 F.3d 94, 100 (5th Cir. 1995); see also United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995). Accordingly, Wesley has not shown plain error in the assessment of two criminal history points for his 1999 domestic violence conviction.

Wesley also asserts that the 120-month sentence was an abuse of discretion and unreasonable. Based on an offense level of 25 and a criminal history category of IV, Wesley's advisory guidelines range was 84 to 105 months of imprisonment. The district court determined that pursuant to U.S.S.G. § 4A1.3 and 18 U.S.C. § 3553(a), both an upward departure and a variance were warranted. Using an offense level of 25 and a criminal history category of V, the district court sentenced Wesley to 120 months of imprisonment. An upward departure is reviewed for an abuse of discretion. United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). A non-guidelines sentence is reviewed for reasonableness. Id. at 706.

The district court upwardly departed under § 4A1.3, finding that Wesley's criminal history category under-represented the seriousness of his criminal history. The district court also considered the factors in § 3553(a), such as the need to protect the public from further crimes of the defendant. The district court's reasons for departing advance the objectives of § 3553(a) and are justified by the facts of the case. See United States v. Zuniga-Peralta, 442 F.3d 345, 347

(5th Cir.), cert. denied, 126 S. Ct. 2954 (2006). The district court's decision to depart and the extent of the departure were not an abuse of discretion. See id.

Wesley further contends that his sentence is unreasonable because the district court failed to consider and address certain mitigating circumstances. The district court properly considered the § 3553(a) factors in determining Wesley's sentence. Because the district court did not fail to account for a factor which should have received significant weight, give significant weight to an improper factor, or make a clear error of judgment in balancing sentencing factors, Wesley's sentence is reasonable. See Smith, 440 F.3d at 707-09.

Accordingly, the district court's judgment is AFFIRMED.