**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Joel LEDEZMA–ESPARZA,**
**Defendant–Appellant.**

No. 07–40112
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 23, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Joel Ledezma–Esparza pleaded guilty to an indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326. At sentencing, the district court departed upward pursuant to U.S.S.G. § 4A1.3(a)(4) and sentenced Ledezma–Esparza to an 84–month term of imprisonment. Ledezma argues that the district court did not comply with the methodology set forth in § 4A1.3(a)(4) to determine an appropriate sentence; that the reasons cited by the court are inadequate to support the extent of the departure; and that the district court failed to consider the disparity between Ledezma–Esparza's sentence and the guidelines sentences received by similarly-situated defendants.

The Sentencing Guidelines permit an upward departure if the district court believes that there is reliable information suggesting that the seriousness of the defendant's criminal history or the likelihood of recidivism is not adequately represented by the applicable sentencing guideline range. U.S.S.G. § 4A1.3(a)(1). Upward departures under the Sentencing Guidelines are reviewed for reasonableness. *United States v. Zuniga–Peralta*, 442 F.3d 345, 347 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 2954, 165 L.Ed.2d 975 (2006). An upward departure is within the discretion of the district court and, thus, reasonable if it "advance[s] the objectives set forth in 18 U.S.C. § 3553(a)(2)" and (2) is "justified by the facts of the case." *Zuniga–Peralta*, 442 F.3d at 347.

In this case, the district court departed upward based on the need to protect the public and the fact that Ledezma–Esparza's violent criminal history was not adequately taken into account by the Sentencing Guidelines. The record shows that both the decision to depart and the extent of the departure were within the discretion of the district court. *Zuniga–Peralta*, 442 F.3d at 347; *United States v. Ashburn*, 38 F.3d 803, 809 (5th Cir.1994).

In light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Ledezma–Esparza challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony con-

---

victions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has    determined that this opinion should not be