IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2007

Charles R. Fulbruge III
Clerk

No. 07-40112
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOEL LEDEZMA-ESPARZA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-606-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joel Ledezma-Esparza pleaded guilty to an indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326. At sentencing, the district court departed upward pursuant to U.S.S.G. § 4A1.3(a)(4) and sentenced Ledezma-Esparza to an 84-month term of imprisonment. Ledezma argues that the district court did not comply with the methodology set forth in § 4A1.3(a)(4) to determine an appropriate sentence; that the reasons cited by the court are inadequate to support the extent of the departure; and that the district court failed to consider

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the disparity between Ledezma-Esparza's sentence and the guidelines sentences received by similarly-situated defendants.

The Sentencing Guidelines permit an upward departure if the district court believes that there is reliable information suggesting that the seriousness of the defendant's criminal history or the likelihood of recidivism is not adequately represented by the applicable sentencing guideline range. U.S.S.G. § 4A1.3(a)(1). Upward departures under the Sentencing Guidelines are reviewed for reasonableness. United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006). An upward departure is within the discretion of the district court and, thus, reasonable if it "advance[s] the objectives set forth in 18 U.S.C. § 3553(a)(2)" and (2) is "justified by the facts of the case." Zuniga-Peralta, 442 F.3d at 347.

In this case, the district court departed upward based on the need to protect the public and the fact that Ledezma-Esparza's violent criminal history was not adequately taken into account by the Sentencing Guidelines. The record shows that both the decision to depart and the extent of the departure were within the discretion of the district court. Zuniga-Peralta, 442 F.3d at 347; United States v. Ashburn, 38 F.3d 803, 809 (5th Cir. 1994).

Ledezma-Esparza also maintains the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir.2007), petition for cert. filed, (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.