# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-50528
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHESTER RAY WILLIAMS, also known as Christopher R Williams

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1646-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Chester Ray Williams appeals the sentence imposed following his guilty plea conviction of conspiracy to attempt to possess with intent to distribute over 50 kilograms of marijuana and attempting to possess with intent to distribute over 50 kilograms of marijuana. He argues that the district court erred by imposing two consecutive 30-month sentences. Williams asserts that this violated U.S.S.G. § 5G1.2(c), the "spirit" of 18 U.S.C. § 3584, the purposes of the Guidelines, and the statements of the Sentencing Commission. He also contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erred in the factual findings on which the departure was based.

In imposing consecutive sentences, the district court upwardly departed under U.S.S.G. § 4A1.3 based on the underrepresentation of Williams's criminal history. The district court relied on the circumstances of the offense, the fact that Williams received no criminal history points for two prior drug trafficking offenses, and Williams's propensity to continue committing crimes. These are valid factors to consider under 18 U.S.C. § 3553(a)(2), and the extent of the district court's departure was reasonable. See United States v. Zuniga-Peralta, 442 F.3d 345, 347-48 (5th Cir.) (upholding departure of almost twice the advisory guidelines range), cert. denied, 126 S. Ct. 2954 (2006). Williams's contention that § 5G1.2(c) required the district court to impose concurrent sentences is misplaced. The "total punishment" referred to in § 5G1.2(c) does not include upward departures. United States v. Martinez, 274 F.3d 897, 904 (5th Cir. 2001). Additionally, Williams's reliance on 28 U.S.C. § 994(I)(2) also is misplaced because the court departed under § 4A1.3, rather than simply imposing consecutive sentences.

Williams's assertion that the district court's finding that the marijuana was going directly to street level distribution was erroneous is without merit because, regardless whether there was marijuana available for Williams to purchase from the undercover agents, the district court's determination of his intent to distribute the marijuana was not error based on the information in the PSR. Finally, in the absence of a contention by Williams that he provided truthful information or that there were no safety valve briefing discussions, the fact that there is no record evidence of such discussions does not establish that the district court erred in its factual findings. Because Williams has not shown error, plain or otherwise, his sentence is affirmed. See United States v. Olano,

507 U.S. 725, 731-37 (1993); United States v. Cisneros-Guitierrez, No. 06-11156, _ F.3d _, 2008 WL 383024 at *8 (5th Cir. Feb. 13, 2008).

The district court's amended judgment does not accurately reflect the charges in the superseding indictment to which Williams pleaded guilty. Accordingly, we modify the amended judgment to state that Williams was convicted of "Conspiring to attempt to possess with intent to distribute a quantity of marijuana >50 kilograms" and "Attempting to possess with intent to distribute a quantity of marijuana >50 kilograms," and we strike that portion of the judgment that states that the district court has dismissed "count 2 of the superseding indictment." See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

AFFIRMED as modified.