# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2008

Charles R. Fulbruge III
Clerk

No. 08-30175
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HOSEA KINCHEN

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-148-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hosea Kinchen pleaded guilty to two counts of possession with intent to distribute cocaine base, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm by a convicted felon. The district court imposed an upward departure pursuant to U.S.S.G. § 4A1.3 and sentenced Kinchen to serve a total of 131 months of imprisonment: three concurrent terms of 71 months of imprisonment on his convictions for possession with intent to distribute cocaine base and firearm possession by a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felon and a consecutive sentence of 60 months of imprisonment on his conviction for firearm possession in furtherance of a drug trafficking crime. The district court also sentenced Kinchen to serve a total of five years of supervised release.

Kinchen argues for the first time on appeal that the district court erred in sentencing him because it did not sufficiently articulate reasons for departing upwards. An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error." Gall v. United States, 128 S. Ct. 586, 597 (2007). If the sentencing decision is procedurally sound, the appellate court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. In this case, however, plain error review applies to Kinchen's arguments because he did not object in the district court to the upward departure or the reasonableness of his sentence. See United States v. Peltier, 505 F.3d 389, 390-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008).

Kinchen argues that the district court's reasons were insufficient because the district court merely recited his criminal history and stated that the Guidelines did not adequately reflect his likelihood of recidivism. According to Kinchen, such reasons amount merely to personal disagreement with how the Guidelines account for a defendant's likelihood of recidivism relative to his criminal history. He argues that a district court is required to identify the specific portions of the defendant's criminal history that are not adequately accounted for by the Guidelines and the reasons why those aggravating factors warrant a departure under § 4A1.3.

The district court stated that Kinchen had not learned to refrain from criminal activity, that a lesser sentence would have seriously understated the likelihood that Kinchen would again engage in criminal conduct, and that Kinchen had 23 criminal history points while his criminal history category of VI required only a minimum of 13 points. The district court illustrated its reasoning by recounting a portion of Kinchen's criminal history that contained

a series of parole violations. The district court adequately articulated its reasons for imposing an upward departure. See United States v. Zuniga-Peralta, 442 F.3d 345, 347-48 (5th Cir. 2006).

Kinchen also asserts that the district court incorrectly stated that he had a history of "gun offenses." The district court's statement that Kinchen had committed "repeated weapons offenses" does not amount to reversible plain error, particularly in light of the district court's extensive articulation of reasons regarding Kinchen's failure to refrain from engaging in criminal activity.

AFFIRMED.