**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2009

Charles R. Fulbruge III
Clerk

No. 07-51230
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NAZARIO MEZA

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1903-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Nazario Meza pleaded guilty to one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine and two counts of possession with intent to distribute more than five kilograms of cocaine. The district court departed from the guidelines range of 168 to 210 months and sentenced Meza to 240 months in prison. He now appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Meza avers that he did not receive the required pre-sentencing notice that the court was contemplating an upward departure. He did not raise that objection in the district court. Accordingly, we review only for plain error. FED. R. CRIM. P. 52(b).

To show plain error, Meza must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To satisfy the "substantial rights" prong, "in most cases . . . the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).

If a district court is contemplating a departure "on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." FED. R. CRIM. P. 32(h). Although the court erred when it did not give notice of the potential departure, Meza has not borne his burden of persuasion with respect to prejudice. Specifically, he has failed to show (or even argue) that the error affected the outcome, i.e., that he would have received a lower sentence had the district court properly given notice. *See United States v. Jones*, 444 F.3d 430, 443 (5th Cir. 2006).

Meza argues that his sentence is unreasonable. He avers that the district court gave significant weight to an irrelevant or improper factor, the alleged threats made to the cooperating codefendants. Meza contends further that the extent of the departure is unreasonable and that the district court erred in failing to consider and articulate the 18 U.S.C. § 3553(a) factors and erred in imposing a sentence above the guideline range that did not advance the objectives of § 3553(a)(2). Because Meza did not raise these arguments in the

district court, review is for plain error. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir.), *cert. denied*, 128 S. Ct. 325 (2007).

An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). If the sentencing decision is procedurally sound, the appellate court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The sentencing transcript and statement of reasons indicate that the district court departed upward given (1) Meza's leadership role and position of trust, (2) the large amounts of cocaine involved, (3) that Meza was in charge of moving the cocaine from El Paso, Texas, to various cities throughout the United States, and (4) his obvious importance to the drug trafficking organization as evidenced by the numerous death threats received by the cooperating defendants.

The district court's reasons for the departure comport with the sentencing goals of § 3553(a)(2), and the departure is justified by the facts of the case. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). Moreover, Meza points to nothing in the sentencing record to support his assertion that the district court accorded significant weight to an improper factor, i.e., the threats made to the cooperating codefendants, and cites no case law suggesting that such a factor is indeed improper. Lastly, this court has upheld departures or variances similar to or greater than the 30-month departure in Meza's sentence. *See United States v. Smith*, 417 F.3d 483, 492-93 & n. 40 (5th Cir. 2005); *United States v. Jones*, 444 F.3d at 433, 442-43.

AFFIRMED.