**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 6, 2006**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50575
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIO ZUNIGA-PERALTA,

Defendant-Appellant.

---

On Appeal from the United States District Court
for the Western District of Texas

---

Before JONES, Chief Judge, and DEMOSS and CLEMENT, Circuit
Judges.

EDITH H. JONES, Chief Judge:

Dario Zuniga-Peralta pled guilty to illegal reentry into
the United States after deportation and was sentenced, after an
upward departure, to sixty months in prison.  Zuniga-Peralta now
appeals his sentence, arguing that the extent of the district
court's upward departure under the Sentencing Guidelines was
unreasonable, and the court's written statement of reasons failed
to provide specific reasons explaining why the applicable criminal

history category substantially under-represented the seriousness of his criminal history.[1]  Finding no reversible error, we **AFFIRM**.

## I.   BACKGROUND

Dario Zuniga-Peralta, a citizen of Guatemala, has been previously deported from the United States at least four times, commencing in 1988.  Most recently, Zuniga-Peralta was removed in 1996 after a conviction for a drug-trafficking offense.  Prior to his removal, he received a written warning that it is a felony offense to return to the United States without obtaining prior consent from the Attorney General.  Nevertheless, Zuniga-Peralta reentered illegally, as he admitted, on or about October 2, 2002, near Laredo, Texas.

In determining Zuniga-Peralta's sentence, the district court found that Zuniga-Peralta had a total offense level of 17. The calculation included a 12-level upward adjustment under guideline §2L1.2(b)(1) for the drug conviction, and a three-level downward adjustment under guideline §3E1.1 for acceptance of responsibility.  Based on a recommended criminal history category of II, the guideline sentence range indicated twenty-seven to thirty-three months imprisonment.  Zuniga-Peralta requested a

---

[1]      The briefing was completed in this case before the Supreme Court issued its decision in <u>Booker</u>.  No <u>Booker</u>/<u>Fanfan</u> issues have been raised apart from Appellant's admittedly-foreclosed request that we consider <u>Almendarez-Torres</u>, 523 U.S. 224, 118 S. Ct. 1219 (1998), overruled.  See <u>United States v. Mancia-Perez</u>, 331 F.3d 464, 470 (5th Cir. 2003) (holding that this court must follow the precedent set in <u>Almendarez v. Torres</u> "unless and until the Supreme Court itself determines to overrule it") (internal quotation marks and citations omitted).

sentence within the guideline range, but the district court departed upward pursuant to § 4A1.3 from a criminal history category II to category VI and sentenced him to sixty months. In so doing, the district court expressly pointed to Zuniga-Peralta's prior uncounted offenses, his four deportations, and his use of eleven aliases, noting that Zuniga-Peralta's three criminal history points "considerably" understated his criminal history.

## II. STANDARD OF REVIEW

We review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. United States v. Villanueva, 408 F.3d 193, 202 (5th Cir. 2005). Additionally, we review upward departures for reasonableness, which necessitates that we review "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005).

## III. DISCUSSION

Zuniga-Peralta argues that 1) the district court's upward departure was unreasonable; and 2) the court's written statement of reasons did not explain sufficiently, as required by 18 U.S.C. § 3553(c), why the applicable criminal history category substantially underrepresented the seriousness of his criminal history.

### A. Extent of Upward Departure

3

An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) "advance the objectives set forth in 18 U.S.C. § 3553(a)(2)" and 2) "are justified by the facts of the case." See Saldana, 427 F.3d at 310 (citing 18 U.S.C. § 3742(j)(1)). Further,

> Although Booker excised § 3553(b), the directive to consider the heartland of an offense and enumerate particular reasons for a departure from the sentencing range lives on in U.S. Sentencing Guideline § 5K2.0 and, implicitly, in § 3553(a)'s requirement that the court consider the guidelines and the appropriate sentencing range and § 3553(c)'s requirement that the court enumerate reasons for sentencing without the range.

Id. at 310 n.46.

In the instant case, the district court expressly adopted the factual findings and guideline application recommended by the presentence report ("PSR"). The PSR noted Zuniga-Peralta's extensive criminal history and stated that:

> The Court could depart from the guideline range under U.S.S.G. § 4A1.3, should the Court find that the defendant's criminal history category does not adequately reflect the seriousness of the defendant's past criminal history or the likelihood that the defendant will commit other crimes.

PSR at ¶ 77. At sentencing, the court commented on Zuniga-Peralta's lengthy criminal history, multiple deportations, and use of eleven aliases. The court concluded that Zuniga-Peralta's three criminal history points considerably understated his criminal activity, and that it was departing based on U.S.S.G. § 4A1.3. The court's written Statement of Reasons relates that it departed from the Guideline range pursuant to § 4A1.3. The record thus makes

4

abundantly clear, through the court's adoption of the PSR, its statements at sentencing, and its Statement of Reasons, the reasons for an upward departure.

We hold that the district court's reasons advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and are justified by the facts of the case. The district court correctly concluded that appellant is a determined recidivist who poses an extra danger through his frequent use of false names. That the ultimate sentence of sixty months is nearly double the initial sentence range does not render this departure abusive considering all of the circumstances. Consequently, the district court did not abuse its discretion in the decision to depart or extent of departure from the Guidelines.[2]

## B. Written Statement

Zuniga-Peralta also contends that the district court's written statement of reasons failed to provide the specificity required by 18 U.S.C. § 3553(c) in explaining why the applicable criminal history category was substantially underrepresentative. See United States v. Mares, 402 F.3d 511, 519 n.8 (5th Cir. 2005).

---

[2] Zuniga-Peralta also contends that the district court's departure was unreasonable because the court failed to state reasons why intervening levels were inadequate. However, it is well settled that a district court does not need "to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects," and that the court's reasons for rejecting intermediate categories will be quite apparent in its stated reasons for departure. United States v. Ashburn, 38 F.3d 803, 809 (5th Cir. 1994) (en banc) (citing United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc)).

A factually similar Eighth Circuit case, United States v. Paz, 411 F.3d 906 (8th Cir. 2005), is instructive on the adequacy of a district court's written statement for a § 4A1.3 departure. In analyzing the issue, the court wrote, "When a district court departs outside the recommended range of the guidelines, it must state in open court and in the written order of judgment and commitment the reasons for that particular sentence." Id. at 910-11 (citing 18 U.S.C. § 3553(c)(2)). The court continued:

> The purpose of § 3553(c)(2) is to inform the parties of the reasons for a particular sentence outside of the guidelines range, to aid the reviewing court in determining the appropriateness of any guidelines departure or § 3553(a) variance, and to assist the Sentencing Commission in collecting sentencing data and in maintaining a comprehensive database on all federal sentences.

Id. at 911 (citations omitted).

In Paz, the court reasoned that the purpose of § 3553(c)(2) was fulfilled because the district court stated in the written order of judgment and commitment that it departed from the recommended guideline range because the defendant's criminal history category did not adequately reflect the seriousness of his past criminal conduct, and the district court "stated with great specificity in open court the reasons for its decision to depart upward." Id. The court concluded that "[w]hile the district court might have stated its reasons for the upward departure with a higher degree of specificity in writing," the court's written

statement nevertheless was sufficient to inform the parties, aid the reviewing court, and assist the Sentencing Commission.  <u>Id.</u>

In the instant case, the purpose of § 3553(c)(2) was fulfilled in exactly the same way as in <u>Paz</u>.  Therefore, as in <u>Paz</u>, we conclude that "while the district court might have stated its reasons for the upward departure with a higher degree of specificity in writing," the district court's written statement nevertheless was sufficient to inform the parties, aid the reviewing court, and assist the Sentencing Commission.  <u>Id.</u>  This conclusion is fortified by the PSR's comment suggesting the possibility of a § 4A1.3 departure and the court's clear and repeated explanation at sentencing.[3]

## IV.  CONCLUSION

For the reasons discussed above, the district court's decision is **AFFIRMED**.

---

[3]  Even if we were to conclude that the court did not sufficiently comply with § 3553(c) and was required to restate its reasons for departure in the written judgment and commitment order, the remedy here would be not a vacating of the sentence, but a remand for correction of the written judgment. The clarity and correctness of the court's reasoning supporting departure leave no room to require resentencing.

DeMOSS, Circuit Judge, dissenting:

With all due respect, I dissent because the case should be remanded to the district court for supplementation of the written order with specific reasons for the decision to upwardly depart.

The PROTECT Act provides in pertinent part:

(c)  Statement of reasons for imposing a sentence.--The court, at the time of sentencing, *shall state in open court the reasons* for its imposition of the particular sentence, *and*, if the sentence . . .

> (2)  is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, *which reasons must also be stated with specificity in the written order of judgement and commitment* . . . .

18 U.S.C. § 3553(c)(2) (emphasis added).

Similarly, the relevant portions of the Guidelines state:

(c) WRITTEN SPECIFICATION OF BASIS FOR DEPARTURE.--In departing from the otherwise applicable criminal history category . . . *the court shall specify in writing* the following:

> (1) In the case of an upward departure, the *specific reasons* why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.

U.S.S.G. § 4A1.3(c)(1) (emphasis added).

The requirement that district courts give specific, written reasons survives <u>Booker</u>.  See <u>Saldana</u>, 427 F.3d at 310 n.46.

8

In support of its drastic upward departure (from between twenty-seven and thirty-three months to sixty months) the district court stated: "Pursuant to 4A1.3. The defendant's Criminal History Category does not adequately reflect the seriousness of the defendant's conduct." Because the second sentence merely re-states the standard for a departure under § 4A1.3, the written statement would have been equally useful had it simply stated "Pursuant to 4A1.3." and nothing else. "Pursuant to 4A1.3" is a far cry from "specific" reasons, see U.S.S.G. § 4A1.3(c)(1), reasons "stated with specificity," see 18 U.S.C. § 3553(c)(2), or "fact specific" reasons, see, e.g., Mares, 402 F.3d at 519.

In arriving at its conclusion that the district court's written reason satisfied § 3553(c)(2), the majority cites Paz, 411 F.3d 906. However, I find Paz unhelpful here for several reasons.

First, Paz is unconvincing because it contains no reasoning to support its conclusion. Therefore, it fails to address the proper statutory interpretation of "reasons" in § 3553(c)(2). Second, Paz does not resolve the precise issue in this case because the defendant there argued that giving inadequate written reasons required a vacatur of the sentence. See Paz, 411 F.3d at 910-11. In contrast, Zuniga-Peralta does not ask us to vacate, but only to remand for supplementation of the written order. Finally, Paz is not binding authority in this Circuit.

9

The requirement that district courts write down factual reasons for an upward departure that greatly increases a defendant's sentence is not overly burdensome. Moreover, allowing district courts to disregard the requirement puts a burden on this Court by requiring us to comb the transcripts for every conceivable reason for the district court's decision. Finally, any burden that district courts may incur when complying with § 3553(c)(2) is for Congress to consider, not this Court. As written, § 3553(c)(2) requires that district courts give in their written order factual reasons for an upward departure. In the "brave new world" of sentencing post-Booker, I would hope that sentencing judges would make a habit of giving written and specific factual reasons for any sentence above or below a properly calculated Guideline range.