United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50521
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILLIAM PAUL SHAVER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 6:05-CR-148-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    William Shaver pleaded guilty without a written plea agreement
to theft of mail matter (Count 1), altering a financial obligation
(Count 2), possessing counterfeit obligations (Count 3), and access
device fraud (Count 4).  The district court sentenced him to 60
months of imprisonment as to Count 1, and it upwardly departed from
the guidelines range to sentence him to 120 months of imprisonment

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

as to Counts 2, 3, and 4, with all of the sentences running concurrently.

Shaver argues for the first time on appeal that the court plainly erred in failing to give him reasonable notice that it was contemplating an upward departure and in failing to provide the particular grounds on which such a departure would be based.  Because, however, the presentence report ("PSR") provided Shaver with adequate information to give him an opportunity to comment on the upward departure, the court did not plainly err.  See United States v. Milton, 147 F.3d 414, 420-21 (5th Cir. 1998).

Shaver contends the court erred in failing to provide specific written reasons for its upward departure as is required by required by 18 U.S.C. § 3553(c)(2).  But, the court's written statement of the guideline section pursuant to which it upwardly departed, fortified by more specific statements in the PSR and at sentencing concerning the facts of the case and the reasons for the departure, satisfied § 3553(c)(2).  See United States v. Zuniga-Peralta, 442 F.3d 345, 347-49 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006).

AFFIRMED.