United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30618
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLAN LANE LANDRY, SR., also known as Allan Lane Landry,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20127
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Allan Lane Landry, Sr., was convicted after pleading guilty to transmission of child pornography and attempted distribution of obscene material to a minor. He now appeals his 355-month sentence, arguing that the sentence is unreasonable.

The district court properly calculated Landry's advisory range of 235 to 293 months of imprisonment under U.S.S.G. § 2G2.2(a)(2). The district court then upwardly departed two levels pursuant to U.S.S.G. § 2G2.2, comment. (n.6) based on Landry's admission that he had inappropriately fondled a minor.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case."  United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2954 (2006).  The upward departure meets those criteria.  The extent of the departure, approximately 20 percent greater than Landry's 293 month guidelines maximum, is also reasonable.  See e.g., United States v. Smith, 417 F.3d 483, 492-93 (5th Cir.), cert. denied, 126 S. Ct. 713 (2005).  The judgment of the district court is AFFIRMED.