United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20646
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

AMINATA SMITH, also known as ATA,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-196-2
--------------------

Before DAVIS, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Aminata Smith pleaded guilty to conspiracy to commit marriage fraud in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). Smith now appeals her 51-month sentence, arguing that the sentence is unreasonable.

     The district court properly calculated Smith's advisory range of imprisonment under U.S.S.G. § 2L2.1(b)(2)(C), at 33 to 41 months, which reflected a three-level downward adjustment for acceptance of responsibility. The district court then departed upwardly two levels pursuant to U.S.S.G. § 2L1.1, comment. (n.5),

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the offense involved substantially more than 100 documents.

A sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); (2) are authorized by 18 U.S.C. § 3553(b); and (3) are justified by the facts of the case. United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006); see also United States v. Simkanin, 420 F.3d 397, 416 n.21 (5th Cir. 2005) (finding that a district court "abuses its discretion if it departs on the basis of legally unacceptable reasons or if the degree of the departure is unreasonable"). The upward departure imposed by the district court meets those criteria. Further, the extent of the departure, 10 months longer than the high end of the guidelines range, is also reasonable. See e.g., United States v. Smith, 417 F.3d 483, 492-93 (5th Cir.), cert. denied, 126 S. Ct. 713 (2005). The judgment of the district court is AFFIRMED.