# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-40472
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROLANDO TREVINO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-62-ALL

Before KING, DeMOSS, and BENAVIDES,

PER CURIAM:[*]

Rolando Trevino appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute in excess of 100 kilograms of marijuana. Trevino's 130-month sentence included an upward departure from criminal history category VI pursuant to U.S.S.G. § 4A1.3. Trevino argues that the district court committed reversible error by upwardly departing from the applicable guidelines range. Trevino did not object to the upward departure in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court. Therefore, this court's review is for plain error. See United States v. Olano, 507 U.S. 725, 731-37 (1993).

The district court concluded that an upward departure was warranted because Trevino's criminal history score underrepresented the seriousness of his criminal history or the likelihood that he would commit other crimes and further explained that the departure was justified by Trevino's extensive criminal history as of age 12, commission of offenses while under court supervision, consistent pattern of eluding law enforcement authorities, and consistent pattern of criminal activity. Also, Trevino had prior convictions for which criminal history points could not be assessed, including multiple convictions as a juvenile and convictions as an adult for misdemeanor evading arrest or detention and two counts of failing to identify. Further, Trevino had pending charges for unauthorized use of a motor vehicle and theft and assault by threat, and he had an outstanding warrant for his arrest for failure to appear on the assault charge. The district court's oral and written reasons were sufficient to inform the parties and aid this court. See United States v. Zuniga-Peralta, 442 F.3d 345, 348 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006). This conclusion is fortified by the probation officer's comments regarding the possibility of a §4A1.3 departure and the court's explicit adoption of that reasoning at sentencing. See id. at 348-49.

The extent of the district court's departure was not unreasonable given the serious nature of the instant offense, Trevino' extensive criminal history, and the fact that Trevino committed the instant offense during the pendency of several state charges. See Zuniga-Peralta, 442 F.3d at 347-48; United States v. Smith, 417 F.3d 483, 492 (5th Cir. 2005). In addition, the district court's reasons for imposing the sentence, to promote respect for the law, to reflect the seriousness of the offense, to deter future criminal conduct, and to protect the public, were consistent with the requirements of 18 U.S.C. § 3553(a).

Trevino has not shown that the district court erred, much less plainly erred, in imposing an upward departure or that the extent of the departure was unreasonable.

Accordingly, the judgment of the district court is AFFIRMED.