IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-40749
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTINO ORTEGA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-166-2

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Christino Ortega appeals the sentence imposed following his guilty-plea conviction for possession with the intent to distribute 21 kilograms of marijuana, in violation of 21 U.S.C. § 841(a). He contends that the 46-month prison term and life term of supervised release, which resulted from an upward departure pursuant to U.S.S.G. § 4A1.3, is unreasonable. Ortega urges that he should have been sentenced to 27 months, per the Government's request, and that the district court erred in concluding that his criminal history score

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

underrepresented his criminal past.  Ortega's argument is that the upward departure was not justified; he does not specifically contest the extent of the upward departure and has thus abandoned any such argument.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

This court reviews sentences for reasonableness.  The reasonableness review of an upward departure employs an abuse-of-discretion standard.  See United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006); see also Gall v. United States, 128 S. Ct. 586, 591 (2007).  A sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and are justified by the facts of the case.  Zuniga-Peralta, 442 F.3d at 347.

The district court's reasons for upwardly departing advance the objectives set forth in § 3553(a)(2) and are justified by the fact that Ortega's three prior marijuana-trafficking convictions, in combination with the instant conviction, reveal an almost thirty-year career of marijuana trafficking.  Two of the prior convictions were unscored due to age, and Ortega received lenient sentences in both of those cases, which facts led to an underrepresentation of his true criminal history.  The decision to upwardly depart was therefore not an abuse of discretion.  See Zuniga-Peralta, 442 F.3d at 345.

AFFIRMED.