IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50207
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID JACOB GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-212-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Jacob Garcia appeals his consecutive 160-month and 120-month sentences imposed for bank robbery and possessing a firearm during the commission of a crime of violence. See 18 U.S.C. § 2113(a); 18 U.S.C. § 924(c)(1)(A)(i). Specifically, Garcia argues that the district court erred by upwardly departing and sentencing him to a term of imprisonment for the robbery offense that exceeded the top of the guideline range by 55 months.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In reviewing the reasonableness of an upward departure, we employ an abuse-of-discretion standard.  See United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005); see also Gall v. United States, 128 S. Ct. 586, 597 (2007) (holding that appellate courts should employ an abuse-of-discretion standard in reviewing sentences both inside and outside the Guidelines).  Following United States v. Booker, 543 U.S. 220 (2005), this court has concluded that a sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so advance the objectives set forth in 18 U.S.C. § 3553(a)(2), and those reasons are justified by the facts of the case.  See United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006).  The Supreme Court has rejected the argument, raised by Garcia, that the district court's departure must be justified by "extraordinary facts."  See Gall 128 S. Ct. at 591, 595.

Pursuant to UNITED STATES SENTENCING GUIDELINES MANUAL ("USSG") §§ 4A1.3(a) & 5K2.0(a)(2), and relying upon facts contained in the presentence report ("PSR"), the district court upwardly departed by 55 months in sentencing Peoples.  Section 4A1.3(a) allows the district court to upwardly depart where reliable information indicates that the defendant's criminal history category does not adequately reflect the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes.  Section 5K2.0(a)(2) allows the district court to upwardly depart "in the exceptional case where there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence."  USSG § 5K2.0(a)(2).  The facts from the PSR relevant to the district court's upward departure under these subsections are as follows: 1) both the getaway vehicle and the shotgun used in the commission of the robbery were stolen; 2) at the time that Garcia was arrested, he was on bond and pending trial on state charges for being a felon in possession of a firearm, evading arrest, possession of marijuana, and failure to identify; and 3) following his conviction on related

state charges, Garcia committed numerous disciplinary infractions, including injuring another prisoner with a shank made from a toothbrush, which in turn lead to his being charged with the felony offense of carrying a deadly weapon in a penal institution. Garcia has submitted no evidence to support his assertion that the PSR's facts are unreliable, and the district court was therefore entitled to rely upon them. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995). Because the upward departure at issue is justified by the facts of the case and advances the objectives of §3553(a)(2), the district court did not abuse its discretion by departing. See Zuniga-Peralta, 442 F.3d at 347. Nor has Garcia shown that the district court abused its discretion with regard to the extent of its departure. See id. at 347-48.

Accordingly, we AFFIRM the district court's sentence.