**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-41155
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDUARDO RAMIREZ-MURILLO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-411-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eduardo Ramirez-Murillo (Ramirez) pleaded guilty to illegal reentry following previous deportation. After imposing a six-month upward departure, the district court sentenced Ramirez to 36 months of imprisonment. Ramirez contends that the district court relied on improper factors to impose an upward departure. Specifically, he contends that the district court erred in relying on the repeat nature of his prior convictions because these convictions were already

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considered in the computation of his criminal history category. Ramirez also contends that the district court erred in considering his prior arrests for rape and assault because neither resulted in convictions. Ramirez contends that the district court's use of these improper factors in imposing his sentence resulted in a sentence greater than necessary to meet the purposes of 18 U.S.C. § 3553(a).

The district court's decision to upwardly depart was based on the factors set forth in § 3553(a), including Ramirez's history and characteristics, the need to promote respect for the law, the need for adequate deterrence, and the need to protect the public from future crimes by Ramirez. The district court stressed Ramirez's accumulation of seven prior convictions for driving under the influence (DUI). The district court also relied, in part, on Ramirez's pending charge for assault and battery and a prior arrest for rape. The presentence report reflects that at the time of these offenses, like his DUI offenses, Ramirez was intoxicated. The district court properly considered these offenses, which supported the district court's concern that Ramirez was going to injure someone if he did not address his alcohol problem. *See* U.S.S.G. § 4A1.3(a)(2). Because the upward departure advanced the objectives in § 3553(a) and is justified by the facts of the case, the district court did not abuse its discretion in upwardly departing six months from the advisory guidelines range. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.