**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-11205
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO FLORES-MERAZ, also known as Luis Fernando Quintero-Fores, also known as Roberto Flores-Miras,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-112-ALL

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roberto Flores-Meraz (Flores) appeals his 120-month sentence for illegal reentry. He argues that the district court erred by upwardly departing from a guidelines range of 77-96 months of imprisonment because the sentence effectively denied Flores an acceptance of responsibility adjustment.

This court reviews criminal sentences for reasonableness, using an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594-96 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, this court examines whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." *Id.* at 597. If the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." *Id.*

Reasonableness review, in the context of a guidelines departure, requires this court to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). "An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case." *Id.* (internal quotation marks and citation omitted).

The district court clearly stated that it was not denying Flores an adjustment for acceptance of responsibility. District courts may upwardly depart and impose statutory maximum sentences upon defendants who have received acceptance of responsibility adjustments. *See United States v. Jones*, 444 F.3d 430, 433-34, 443 (5th Cir. 2006); *Zuniga-Peralta*, 442 F.3d. at 346-48.

Flores's extensive criminal history, the district court's rationale for departure, provided adequate justification for the departure, and the sentence furthered the objectives set forth in § 3553(a)(2). *See Zuniga-Peralta*, 442 F.3d at 347. Moreover, the extent of the departure is proportionally less than departures we have affirmed in other cases. *See Jones*, 444 F.3d at 433; *Zuniga-Peralta*, 442 F.3d at 346-48.

AFFIRMED.