# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2009

Charles R. Fulbruge III
Clerk

No. 07-11295

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

FERNANDO V. TRUJILLO,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-071-A (3)

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fernando Trujillo pled guilty to conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana. He received a ninety-month prison sentence. Trujillo claims the district court erred by denying him an acceptance of responsibility reduction and by upwardly departing on his sentence. We find no error and AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*A.* *Denial of Acceptance of Responsibility Reduction*

The district court's interpretation and application of the Sentencing Guidelines are reviewed *de novo*; factual findings are reviewed for clear error. *United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008). Because the sentencing judge is in a unique position to assess acceptance of responsibility and remorse, a factual finding on those issues is reviewed under a standard even more deferential than a clearly erroneous one. *United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005). Such a finding should not be disturbed unless it is "without foundation." *United States v. Sanchez-Ruedas*, 452 F.3d 409, 414 (5th Cir. 2006) (citation omitted).

There was no error in denying Trujillo the acceptance of responsibilty reduction. *See* U.S.S.G. § 3E1.1. The district court expressly adopted the probation officer's findings that Trujillo attempted to minimize his role in the offense by claiming that he was merely doing a favor for a friend without the expectation of payment. Failure to admit the extent of one's role is a basis to deny the reduction. *Angeles-Mendoza*, 407 F.3d at 753. There was evidence that Trujillo was present during the drug delivery, that he knew where the drugs were located, and that he knew the future destination of the remainder of the marijuana in the delivery truck. It was not clearly erroneous for the district court to use this evidence to infer that Trujillo was more involved in the conspiracy than he admitted. Therefore, the denial of the acceptance of responsibilty reduction was not "without foundation" and will not be disturbed. *Sanchez-Ruedas*, 452 F.3d at 414.

Because there was a sufficient basis for denial, we do not analyze Trujillo's separate claim that the district court erred by denying the reduction based on failing to discuss prior arrests with the probation officer.

In addition, we hold that it was not inconsistent for the district court to grant Trujillo the safety valve reduction but not grant him the acceptance of responsibility reduction. While both provisions have truth-telling requirements, there is no inconsistency because the truth-telling under each provision concerns different matters. Truth, contrition, and acceptance of guilt of the crime of conviction would have made Trujillo eligible for an acceptance of responsibilty reduction. *United States v. Outlaw*, 319 F.3d 701, 706 (5th Cir. 2003). The safety valve provision is not primarily concerned with the crime of conviction, nor is contrition relevant. *See* U.S.S.G. § 5C1.2(a). Telling all about the larger drug conspiracy with which he was not charged did not require Trujillo to explain his precise level of involvement in the charged offense. Therefore, there was no inconsistency in the district court's rulings.

## B.    *Upward Departure*

We review a district court's decision to make an upward departure and its extent for abuse of discretion. *United States v. Rajwani*, 476 F.3d 243, 249 (5th Cir. 2007), *modified on other grounds*, 479 F.3d 904 (5th Cir. 2007).

"A district court does not abuse its discretion in upwardly departing if its reasons (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); (2) are authorized by 18 U.S.C. § 3553(b); and (3) are justified by the facts of the case." *Rajwani*, 476 F.3d at 249-50 (citation and internal quotations omitted). However, an upward departure constitutes an abuse of discretion if "the degree of the departure or the sentence as a whole is unreasonable." *Id.* at 250.

Here, the district court adopted the probation officer's recommendation to make an upward departure based on the finding that the calculated criminal history category substantially under-represented the seriousness of Trujillo's criminal history and his likelihood of recidivism. This recommendation was

supported by detailed accounts of two instances in which Trujillo was indicted but not convicted for drug trafficking offenses. This is an acceptable reason for an upward departure. U.S.S.G. § 4A1.3(a)(1); *see also United States v. Jones*, 444 F.3d 430, 434 (5th Cir. 2006).

Based on these factual findings, the district court determined that a higher criminal history category more accurately reflected Trujillo's criminal history. *See* U.S.S.G. § 4A1.3(a)(4)(A). Therefore, the district court upwardly departed from the guideline range of fifty-one to sixty-three months and imposed a ninety-month sentence.

There also is no merit to Trujillo's claim that the extent of the upward departure was unreasonable because the district court did not give reasons why a lesser criminal history category would have been inadequate. A district court needs to explain the reasons for adopting a particular criminal history category, but it is not required to detail the reasons for rejecting others. *United States v. Zuniga-Peralta*, 442 F.3d 345, 348 n.2 (5th Cir. 2006).

The district court did not abuse its discretion by upwardly departing in this case. AFFIRMED.