# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2010

Lyle W. Cayce
Clerk

No. 09-11139
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORMAN TYRONE MILES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-132-1

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Lorman Tyrone Miles pleaded guilty to bank robbery and stipulated to committing three other bank robberies. Miles appeals the 210-month sentence imposed pursuant to an upward departure under U.S.S.G. § 4A1.3.

We review the district court's sentencing decisions for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). A district court acts within its discretion in departing upward

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to § 4A1.3 if its reasons for departure advance the objectives of sentencing set forth in 18 U.S.C. § 3553(a)(2) and are justified by the facts of the case. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

Although Miles states that his sentence is unreasonable because the reasons for the departure fail to advance the objectives of § 3553(a)(2), he argues that it is unreasonable because it fails to advance the objectives of other subsections of § 3553(a), specifically § 3553(a)(1), (a)(4)(A), and (a)(6). To the extent he argues that the district court failed to consider these other factors and that the district court erred in its application of § 4A1.3, these are procedural errors that he did not preserve by objection or other argument in the district court. *See Gall*, 552 U.S. at 51 (listing failure to consider the § 3553(a) factors and improperly calculating the guidelines as procedural errors). Accordingly, these arguments are reviewed for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009).

The district court stated that it had considered the § 3553(a) factors in selecting the 210-month sentence and addressed specifically the guidelines range, its reasons and method of departing pursuant to § 4A1.3, and Miles's history and characteristics. Thus, Miles has not shown that the district court erred, plainly or otherwise, by failing to consider the § 3553(a) factors. Nor has Miles shown that the district court erred in determining that an upward departure was warranted under § 4A1.3 or in applying the incremental approach to the upward departure.

Although the 210-month sentence was a substantial departure from the 100 to 125 month range calculated without the § 4A1.3 upward departure, the facts of Miles's case justify the extent of the upward departure. As described in the presentence report (PSR) and considered by the district court, Miles has an almost 20-year history of committing numerous crimes and of being in and out of prison. Those crimes included numerous theft and credit card abuse offenses, a drug offense, assault offenses, and an escape offense, for which Miles either

received or spent very little time in prison. This pattern of criminal behavior escalated in July 2007 when he committed four bank robberies. Thus, the upward departure is justified by the facts of Miles's case. Additionally, the record reflects that the district court reviewed Miles's PSR, listened to his attorney's arguments at sentencing, considered the documents submitted in support of Miles at sentencing, listened to Miles's statements to the court, and consulted the § 3553(a) factors. Moreover, the sentence imposed advances the purposes of § 3553(a)(2), including the need to promote respect for the law, the need for adequate deterrence, and the need to protect the public from future crimes by Miles. Accordingly, Miles has not shown that the district court abused its discretion by upwardly departing to the extent it did or that the 210-month sentence is substantively unreasonable. *See Zuniga-Peralta*, 442 F.3d at 347.

AFFIRMED.