**IN THE UNITED STATES COURT OF APPEALS
 FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 7, 2012

Lyle W. Cayce
Clerk

No. 11-40528
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERNAN GUERRA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-847-9

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hernan Guerra, Jr., pleaded guilty to a single count of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana . The district court departed upwardly from the applicable guidelines sentencing range and sentenced Guerra to 120 months of imprisonment and a four-year term of supervised release. Guerra timely appealed.

Guerra argues that the district court inappropriately departed upwardly under U.S.S.G. § 5K2.0. He asserts that the district court wrongly concluded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that an upward departure was justified on the basis that he flagrantly abused the public trust in his capacity as the police chief in Sullivan City, Texas, by using his law enforcement position to facilitate and encourage drug trafficking. Guerra argues that he was assessed a two-level upward adjustment in his base offense level for abuse of trust under U.S.S.G. § 3B1.3, and, therefore, his offense level accounted sufficiently for his abuse of trust.

Reasonableness review, in the context of an upward departure, requires an appellate court to evaluate for abuse of discretion both the district court's decision to depart upwardly and the extent of that departure. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). An upward departure is not an abuse of discretion if the court's reasons for departing advance the objectives set forth in 18 U.S.C. § 3553(a), and are justified by the facts of the case. *United States v. Rajwani*, 476 F.3d 243, 250-51 & n.17 (5th Cir.), *modified on other grounds*, 479 F.3d 904 (5th Cir. 2007).

Section 5K2.0 of the Sentencing Guidelines provides that a departure may be authorized if the court finds that there exists an aggravating circumstance "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described." § 5K2.0(a)(1)(A). An upward departure under § 5K2.0 may be warranted "in an exceptional case, even though the circumstance that forms the basis for the departure is taken into consideration in determining the guideline range, if the court determines that such circumstance is present in the offense to a degree substantially in excess of . . . that which ordinarily is involved in that kind of offense." § 5K2.0(a)(3), p.s.

In the instant case, the district court found that, while Guerra received an adjustment for abuse of trust pursuant to § 3B1.3, the case involved exceptional circumstances that justified the imposition of an upward departure. The district court concluded that Guerra's abdication of his law enforcement responsibilities

and significant alignment with drug traffickers was an egregious and flagrant abuse of the public trust for which the Guidelines did not properly account. The court noted that Guerra's abuse of the public trust was unusually systematic and pervasive and would cause a community to suffer a significant loss in confidence in its government and law enforcement, particularly in light of Guerra's role as the "chief law enforcement officer" of the city.

The district court's reasons for imposing an upward departure pursuant to § 5K2.0 are not discouraged by the Guidelines and are supported by the facts of the case. *See* § 5K2.0(a)(1), (a)(3); *see generally United States v. Wade*, 931 F.2d 300, 307 (5th Cir. 1991) (indicating that abuse of law enforcement position is valid reason to depart upwardly). The court's stated reasons for the departure also show that the court's sentencing decision was grounded in § 3553(a) and advanced the sentencing objectives of that statute. *See* § 3553(a)(1)-(2). Thus, the district court did not abuse its discretion with respect to its decision to depart upwardly or its reasons for that decision. *See Zuniga-Peralta*, 442 F.3d at 347.

Guerra also argues that his sentence is unreasonable. He asserts that a within-guidelines sentence would have been sufficient in light of his particular circumstances (e.g., he accepted responsibility for his offense, resigned from his career in law enforcement, had no prior criminal history, and qualified for safety valve relief pursuant to U.S.S.G. § 5C1.2). Guerra contends that the imposition of an upward departure rendered his sentence excessive.

In considering the reasonableness of the sentence imposed, this court takes into account the totality of the circumstances, and may consider the extent of the departure. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal

quotation marks and citation omitted). Even assuming *arguendo* that this court might reasonably conclude[1] that a lower sentence was appropriate, such a conclusion is insufficient to justify reversal of the district court. *Gall*, 552 U.S. at 51.

The record supports that the district court, which was in a superior position to assess sentencing factors, implicitly rejected Guerra's sentencing arguments and determined that an above-guidelines sentence was justified in spite of those arguments. Guerra's disagreement with the district court's determination does not establish that the district court wrongly assessed the sentencing factors. *See id.* Moreover, as detailed above, the district court gave adequate reasons for its decision to impose an above-guidelines sentence; the district court concluded that a departure was justified given Guerra's egregious behavior in remorselessly using his position as police chief to facilitate and encourage drug trafficking, and the decision to depart advanced the sentencing factors set forth in § 3553(a).

Accordingly, under the facts of this case, and given the district court's wide discretion in fashioning a sentence, the record supports that the district court's decision to depart upwardly was reasonable. *See Rajwani*, 476 F.3d at 250. The extent of the departure, which was 12 months above the top of Guerra's advisory guidelines range of 87 to 108 months and was less than the statutory maximum sentence of life imprisonment, was a reasonable exercise of the court's sentencing discretion. *See Gall*, 552 U.S. at 51; § 841(b)(1)(A).

AFFIRMED.

---

[1] We reach no such conclusion here.