# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10605
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL RAMIREZ-CORDOBA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-205-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Ramirez-Cordoba challenges the sentence imposed as a result of his guilty-plea conviction of illegal reentry following deportation, in violation of 8 U.S.C. § 1326 (reentry of removed illegal aliens). Pursuant to Sentencing Guideline § 4A1.3, the district court departed upwardly from the 15 to 21-month advisory Guidelines sentencing range and imposed a 30-month sentence, after finding Ramirez' criminal-history category did not adequately

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

address his past criminal conduct.    Ramirez contends the court erred procedurally in departing upwardly.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  "[W]e review upward departures for reasonableness", requiring this court to evaluate both the "decision to depart upwardly and the extent of that departure for [an] abuse of discretion".  *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (citation and internal quotation marks omitted).  "An upward departure . . . is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case".  *Id.* (citation and internal quotation marks omitted).

Ramirez asserts departure is not warranted when application of the advisory Guidelines results in convictions not being factored in the determination of his criminal-history category.  The district court did not rely exclusively on Ramirez' uncounted convictions or sentences; rather it also considered Ramirez' repeated illegal returns and his use of 14 aliases. Nonetheless, uncounted sentences are a proper basis for a § 4A1.3 upward departure.  *See* U.S.S.G. § 4A1.3(a).

Although Ramirez concedes he has several prior convictions, he contends his criminal-history category of IV does not substantially under-represent the seriousness of his past criminal conduct.  He asserts the § 4A1.3 departure

provision is meant for cases involving more serious criminal histories than his, and so, an upward departure cannot be imposed unless he is an "exceptional case" under Guideline § 5K2.0(a)(3).  The inadequacy of a defendant's criminal-history category, however, "is a factor *not* taken into account by the Guidelines and is a permissible justification for upward departure".  *United States v. Laury*, 985 F.2d 1293, 1310 (5th Cir. 1993) (citation and internal quotation marks omitted).    Moreover, an upward departure under § 4A1.3 may be justified by "a long criminal history of nonviolent crimes".  *United States v. Roach*, 1994 WL 83366, at \*2 (5th Cir. 21 Feb. 1994) (unpublished).  As a result, Ramirez' claims regarding the seriousness of his criminal history and the § 5K2.0(a)(3) "exceptional case" requirement fail.

Regarding the extent of the departure, the 30-month sentence constituted a nine-month increase above the original high end of the 15 to 21-month advisory sentencing range, which is well within the range of departures our court has upheld.  *See, e.g., United States v. Jones*, 444 F.3d 430, 433, 442–43 (5th Cir. 2006) (affirming departure from 46–57 month range to 120 months); *Zuniga-Peralta*, 442 F.3d at 346–48 (affirming departure from 27–33 month range to 60 months).

The district court's reasoning advances "the objectives set forth in 18 U.S.C. § 3553(a)(2) and . . . [is] justified by the facts of the case"; therefore, it did not abuse its discretion either in departing upwardly pursuant to § 4A1.3 or in the extent of its departure.  *See Zuniga-Peralta*, 442 F.3d at 347. (Accordingly, we need not consider Ramirez' claims concerning the alternative 36-month upward-variance sentence. *See United States v. Bonilla*, 524 F.3d 647, 656–59 (5th Cir. 2008).)

AFFIRMED.