# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40989
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO CASTELLANO-ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-816-1

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Mexican national Eduardo Castellano-Espinoza (Castellano) appeals the sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. His 78-month sentence represented an upward departure from the guidelines range, pursuant to U.S.S.G. § 5K2.0.

Castellano has abandoned by failing to brief any argument challenging the district court's conclusion that aggravating circumstances surrounding his prior attempted capital murder offense justified an upward departure under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40989

§ 5K2.0.  *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).  Instead, he contends that the sentence is procedurally unreasonable because the district court did not adequately explain the extent of the upward departure.  The record confirms that the district court provided adequate, fact-specific reasons for the chosen sentence, which was 21 months greater than the high end of the applicable guidelines range, indicating that the 78-month sentence was sufficient to account for the aggravating factors surrounding the prior offense as well as the 18 U.S.C. § 3553(a) factors.  *See Gall v. United States*, 552 U.S. 38, 50 (2007).  To the extent that Castellano complains that the district court failed to explain its reasons for rejecting lesser sentences between the upper end of the guidelines range and the 78-month sentence imposed, the argument is without merit.  *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006).

Castellano also argues that his sentence is substantively unreasonable because the district court failed to give sufficient weight to his mitigation arguments, placed too much weight on his prior conviction, and committed a clear error in judgment in balancing the § 3553(a) factors.  The record demonstrates that the court considered the mitigation arguments.  Castellano essentially asks this court to reweigh the sentencing factors and conclude that a different sentence is appropriate, which this court will not do.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.