# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30875
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY D. BUTLER,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-108-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Larry D. Butler appeals the sentence imposed following his guilty plea conviction for two counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts One and Two) and one count of false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B) (Count Three). He contends that the district court abused its discretion in imposing an upward departure pursuant to U.S.S.G. § 4A1.3(a)(1). Specifically, Butler argues that the sentence is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable because the district court failed to fully account for mitigating factors in his personal history and characteristics and failed to consider alternatives to incarceration such as house arrest or community confinement.

The record reflects that the district court explicitly considered the breadth and nature of Butler's criminal history, his father's criminal influence, his history of sexual abuse, his ability to overcome his addiction to crack cocaine, his positive response to rehabilitative training, and his capacity to recognize and overcome self-destructive behavior.  Moreover, the types of sentences available were set forth in the presentence report, which the district court considered and adopted at sentencing.  Notably, the district court recommended that Butler be housed in a facility capable of providing substance abuse and mental health treatment, and the court ordered that Butler participate in such treatment as conditions of his supervised release.  Because the district court's reasons for the departure advanced the objectives of 18 U.S.C. § 3553(a)(2) and were justified by the facts of the case, the district court did not abuse its discretion in upwardly departing pursuant to § 4A1.3(a)(1). *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006).

Finally, the extent of the departure was not excessive under the circumstances.  The 60-month sentence was nine months greater than the high end of Butler's 41 to 51-month guidelines range and did not exceed the 20-year statutory maximum term of imprisonment on Counts One and Two or the five-year statutory maximum term of imprisonment on Count Three.  *See* § 1343; § 408(a)(7)(B).  We have upheld similar and more substantial departures.  *See, e.g., United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming an upward departure to 120 months from a guidelines imprisonment range of 46 to 57 months); *Zuniga-Peralta*, 442 F.3d at 346-48 (affirming an upward

No. 15-30875

departure from a guidelines imprisonment range of 27 to 33 months to a sentence of 60 months). That we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Accordingly, the district court's judgment is AFFIRMED.