# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-50631
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2018

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BELIA MENDOZA,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-416-1

———————

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Belia Mendoza was convicted of one count of conspiracy to defraud the United States and multiple counts of aiding and assisting in the preparation of a false tax return. On remand, the district court departed upwardly pursuant to U.S.S.G. § 5K2.21 and resentenced Mendoza to a total of 96 months of imprisonment. To achieve a total punishment of 96 months, the district court imposed 60 months on Count One and 36 months on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50631

Counts Two, Five, and Seven to be served concurrently with each other and consecutively to the sentence imposed on Count One.

On appeal, Mendoza challenges the substantive reasonableness of her sentence, arguing that it is greater than necessary to accomplish the sentencing goals identified by Congress in 18 U.S.C. § 3553(a)(2), and an abuse of discretion by the district court. She maintains that "[t]here was a plethora of facts," and "significant legal authority before the district court supporting a downward variance." Mendoza also avers that "[t]he district court's § 3553 analysis was very short."

Substantive reasonableness review, in the context of an upward departure, requires this court to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). There is no abuse of discretion if the district court's reasons for the departure: (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2), (2) are authorized by § 3553(b), and (3) are justified by the facts of the case. *United States v. Saldana*, 427 F.3d 298, 310 (5th Cir. 2005). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Mendoza's arguments amount to a mere disagreement with the district court's assessment of the factors, which does not establish that her sentence is substantively unreasonable. *See id.* Considering the deference owed to the district court, Mendoza has failed to show an abuse of discretion. *See Gall*, 552 U.S. at 51; *Zuniga-Peralta*, 442 F.3d at 347.

The judgment of the district court is AFFIRMED.