# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2022

Lyle W. Cayce
Clerk

No. 21-30727
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RONNIE G. REDDIX,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-103-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Ronnie G. Reddix appeals the 120-month sentence of imprisonment imposed for his guilty plea conviction of possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues that the district court abused its discretion and imposed a substantively unreasonable sentence

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

where it upwardly departed under U.S.S.G. § 4A1.3, p.s., to a statutory maximum sentence of imprisonment that was 24 months above the top of his calculated guidelines range.

Upward departures are reviewed for reasonableness. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). We review "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *Id.* (internal quotation marks and citation omitted). "A district court abuses its discretion if it departs on the basis of legally unacceptable reasons or if the degree of the departure is unreasonable." *United States v. Simkanin*, 420 F.3d 397, 416 n.21 (5th Cir. 2005) (internal quotation and citation omitted).

Section 4A1.3(a)(1) authorizes an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1), p.s. "In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." § 4A1.3, p.s., comment. (n.2(B)).

Here, the district court explained that it was imposing an upward departure under § 4A1.3(a)(1) based on Reddix's accumulation of 25 criminal history points and because Reddix had primarily committed serious "victim-oriented crimes," such as domestic abuse battery, illegal use of weapons, and burglary. Additionally, the district court noted that prior terms of imprisonment had not deterred Reddix from engaging in criminal conduct. We have approved upward departures pursuant to § 4A1.3 under similar facts. *See, e.g.*, *United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004)

(affirming upward departure where defendant had 21 criminal history points, had a "checkered" criminal history, and had received lenient treatment in the past); *United States v. Ashburn*, 38 F.3d 803, 809 (5th Cir. 1994) (en banc) (affirming upward departure where the district court determined that the criminal history category did "not adequately reflect the seriousness of this defendant's past criminal conduct" and the likelihood of recidivism). Reddix fails to show that the district court abused its discretion in deciding to impose an upward departure under § 4A1.3. *See Zuniga-Peralta*, 442 F.3d at 347; *Simkanin*, 420 F.3d at 416 n.21.

Challenging the extent of the upward departure, Reddix argues that the district court failed to properly balance the sentencing factors of 18 U.S.C. § 3553(a) and imposed a substantively unreasonable sentence. He contends that the district court gave undue weight to his lengthy criminal history and failed to give significant weight to mitigating factors related to his personal history and characteristics. As mitigating factors, Reddix points to his troubled childhood, his documented substance abuse disorder, and his need for mental health evaluation and treatment.

Reddix's arguments amount to an invitation for this court to "reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do." *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). We have upheld similar and more substantial upward departures under § 4A1.3. *See, e.g.*, *Zuniga-Peralta*, 442 F.3d at 347-48 (affirming departure from a guidelines range of 27 to 33 months to a sentence of 60 months); *United States v. Daughenbaugh*, 49 F.3d 171, 173-75 (5th Cir. 1995) (affirming departure from a guidelines range of 57 to 71 months to a sentence of 240 months).

AFFIRMED.