**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 27, 2009

Charles R. Fulbruge III
Clerk

No. 09-30090
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CORE L MORRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CR-154-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Core L. Morris pleaded guilty to attempted possession of cocaine. The district court departed upward or varied from the United States Sentencing Guidelines range in imposing a 55-month term of imprisonment to run consecutive to Morris's current sentence. Morris has appealed the sentence, arguing that the district court abused its discretion in sentencing him above the guidelines range. He contends that a sentence above the sentencing guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range is not supported by the facts and that a guidelines range sentence would be sufficient to serve the goals enunciated in § 3553(a).

We review Morris's sentence, whether as an upward departure or a variance, under an abuse of discretion standard, for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 596-97 (2007); *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). The record reflects that the district court based its decision to depart or vary upwards on permissible factors that advanced the objectives set forth in § 3553(a). Morris had eight prior convictions between the ages of 19 and 29. Moreover, at least two of those prior convictions involved numerous offenses forming part of a larger scheme, first staging 48 automobile accidents over a three-year period and then repeatedly counterfeiting checks over the course of a year. *See* § 4A1.3 cmt. (n.2(B)) (2008). These facts not only support the district court's conclusion that the guidelines criminal history category underrepresented Morris's actual criminal background but also the court's conclusion that Morris's history, characteristics, and likelihood to reoffend weighed in favor of a sentence above the guidelines range. *See* § 4A1.3(a)(1); § 3553(a)(1); *see also United States v. Simkanin*, 420 F.3d 397, 419 (5th Cir. 2005).

Additionally, Morris initiated and directed the instant offense soon after entering the prison to serve his sentence on one of his prior convictions, supporting the district court's determination that the nature and circumstances of the instant offense warranted a sentence outside the guidelines range and that such a sentence would deter future criminal conduct and promote respect for the law. *See* § 3553(a)(1), (2). In setting the sentence, the district court considered the goals enunciated in § 3553(a) and explained in detail why the application of those factors to the facts of this case supported the imposition of a sentence above the guidelines imprisonment range. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). Morris has not shown that

the district court abused its discretion. *See id.* The sentence imposed "was reasonable under the totality of the relevant statutory factors." *Brantley*, 537 F.3d at 349 (internal quotation marks and citation omitted). The judgment is

AFFIRMED.