# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 1, 2010

Charles R. Fulbruge III
Clerk

No. 09-30518
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY TUGGLE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CR-50-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bobby Tuggle, Jr., appeals the 78-month sentence imposed by the district court following his guilty-plea conviction for possession of a firearm by a convicted felon. Tuggle argues that the district court erred both procedurally and substantively by upwardly departing based on the underrepresentation of his criminal history category.

Because Tuggle argues for the first time on appeal that the district court failed to provide sufficient oral reasons for the departure and that it provided no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

written reasons supporting the departure, we review these arguments for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Peltier*, 505 F.3d 389, 394 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008).  At sentencing, the district court stated that it had considered the factors in 18 U.S.C. § 3553(a) and that an upward departure was warranted based on Tuggle's extensive criminal history. The district court cited his prior offenses, the offenses for which he had not received any criminal history points, and his pattern of recidivism.  Because Tuggle had a criminal history category of VI, the district court properly considered what incremental increase in his offense level would correspond to an appropriate sentencing range.  The district court's written statement of reasons indicated that the court departed under U.S. Sentencing Guidelines § 4A1.3 (2008), due to the inadequacy of Tuggle's criminal history category and that a two-level increase in his offense level was warranted based on the seriousness of his criminal history and the likelihood that he would commit additional crimes.  We find no procedural error, plain or otherwise, with respect to the district court's upward departure. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

Tuggle also argues that the sentence imposed is disproportionate to his offense because there is no evidence to suggest that he was engaged in any wrong doing, other than carrying the firearm, when he was arrested and because the underlying felony used to support the felon in possession charge was not a violent felony, but rather was a drug offense.  Tuggle's arguments are misplaced because they address only his current offense rather than his history and characteristics or the need to protect the public, which were cited by the district court in support of its departure. *See* § 3553(a)(1) & (2).  Although the current offense did not involve violence, Tuggle's convictions for possession of a firearm by a convicted felon and for drug offenses are the types of convictions that "pose an obvious danger to society." *See United States v. Lee*, 358 F.3d 315, 329 (5th

Cir. 2004). His convictions for possessing a stolen firearm and aiding escape from an armed robbery indicate a risk of violence. Additionally, the district court was free to consider the two prior convictions for which Tuggle received no criminal history points, *see* § 4A1.3(a)(2)(A), and the record clearly supports the court's finding that Tuggle had made no attempt to change his behavior despite his prior convictions. Accordingly, the district court did not abuse its discretion by imposing a two-level upward departure based on the underrepresentation of Tuggle's criminal history category. *See Zuniga-Peralta*, 442 F.3d at 347; *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).

   AFFIRMED.