# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2011

No. 10-50658
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LIBNE SACOR-QUIJIUX,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-143-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Libne Sacor-Quijiux (Sacor) appeals the 46-month sentence imposed following his guilty plea conviction for illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326. Sacor challenges the district court's decision to depart upward from a criminal history category VI pursuant to U.S.S.G. § 4A1.3. He argues that the district court procedurally erred in applying Section 4A1.3 by failing to determine whether the extent and nature of his criminal history warranted an upward departure and by failing to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

take an incremental approach in imposing the departure. He also argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a).

Sacor's general objection to his sentence in the district court was not sufficient to preserve the errors he now raises on appeal. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Thus, review is for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). To demonstrate plain error, Sacor must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

As for his claim of procedural error, Sacor has not demonstrated that any error by the district court in applying Section 4A1.3 was clear or obvious, nor has he shown that any error affected his substantial rights. He does not argue, and there is nothing in the record to show, that if the district court had expressly applied the incremental approach, it could not have imposed the same sentence or that he would have received a lesser sentence. *See United States v. Jones*, 444 F.3d 430, 438 (5th Cir. 2006). Further, the record reflects that the district court considered both the extent and the nature of Sacor's criminal history in determining whether to upwardly depart. Thus, we find no plain error.

Sacor also has failed to demonstrate that his 46-month sentence is substantively unreasonable. The district court's stated reasons for its decision to impose a departure advance Section 3553(a)'s objectives of promoting respect for the law and providing deterrence, and are justified by the facts of the case. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006). Further, Sacor's 46-month sentence represents a 16-month upward departure from the top of his advisory Guidelines range and is within the statutory maximum. *See* 8 U.S.C. § 1326. We have affirmed far more substantial

No. 10-50658

departures than the one imposed in this case. *See United States v. Saldana*, 427 F.3d 298, 312 (5th Cir. 2005); *United States v. Smith*, 417 F.3d 483, 491-93 & n.40 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.