**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 9, 2011

Lyle W. Cayce
Clerk

No. 10-10769
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIAM ANTHONY LINDSEY, JR.,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-114-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Anthony Lindsey, Jr., appeals his sentence imposed following his guilty-plea conviction of bank fraud and of making, possessing, and uttering a counterfeit security. Six others, who were indicted for similar conduct, were not charged in Lindsey's indictment (co-participants). The district court departed upwardly and, pursuant to advisory Sentencing Guideline § 4A1.3(a)(1), sentenced Lindsey to, *inter alia*, concurrent terms of 120 months' imprisonment. Lindsey contends: the district court erred by assessing two criminal-history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

points under former Guideline § 4A1.1(e), in the light of an amendment deleting that provision; and his sentence is unreasonable.

Although, post-*Booker*, the Guidelines are advisory only, and a sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Our court first examines whether the district court committed any significant procedural error. *Gall*, 552 U.S. at 51. We next "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard". *Id.*

Lindsey contends the district court erred by assessing two criminal-history points for recency, under former Guideline § 4A1.1(e), which, at the time Lindsey was sentenced, provided: "Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) [sentences exceeding one year and one month] or (b) [sentences of at least 60 days] or while in imprisonment or escape status on such a sentence". *See* U.S.S.G. Supp. to App. C, Amend. 742 (amended 1 Nov. 2010). Lindsey was sentenced prior to the effective date of Amendment 742, which deleted former Guideline § 4A1.1(e) and, thus, eliminated criminal-history points based on recency. Because Amendment 742 has not been made retroactively applicable, the district court correctly applied former Guideline § 4A1.1(e). *See* U.S.S.G. § 1B1.10(c).

Lindsey also contends his sentence is unreasonable because it is greater than necessary to achieve 18 U.S.C. § 3553(a)'s sentencing goals, and it creates an unwarranted disparity between his sentence and that of his co-participants, in violation of 18 U.S.C. § 3553(a)(6). In imposing Lindsey's 120-month

2

sentence, the district court departed upwardly from the advisory Guidelines sentencing range of 77 to 96 months. As discussed *supra*, a district court's decision to depart from the advisory sentencing range, and the extent of that departure, is reviewed for abuse of discretion. *E.g.*, *United States v. Newsom*, 508 F.3d 731, 733-34 (5th Cir. 2007) (citation omitted).

Even though, prior to his sentence being imposed, Lindsey objected on several grounds to the length of his potential sentence, it is arguable that plain-error review applies to this issue because those objections fail to specifically preserve the unreasonable-sentence contention he raises here. It is not necessary to decide whether we review only for plain error or, as discussed above, for abuse of discretion because his contention fails under either standard of review.

The district court concluded that Lindsey's criminal-history category under-represented the seriousness of his criminal history, the likelihood that he would recidivate, and the need to protect the public. *See* U.S.S.G. § 4A1.3(a)(1) ("If reliable information indicates . . . defendants's criminal history category substantially under-represents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes, an upward departure may be warranted."). Despite its being greater than his co-participants', Lindsey's sentence is not unreasonable because the court cited fact-specific reasons for imposing it, and its reasons for imposing an upward departure adequately reflect the 18 U.S.C. § 3553(a) sentencing factors. *See, e.g.*, *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (upward departure not abuse of discretion if district court's reasons for departing advance 18 U.S.C. § 3553(a)(2) objectives and are justified by facts of the case). Further, Lindsey's contention regarding 18 U.S.C. § 3553(a)(6) is unavailing because that section states that the court should consider "the need to avoid unwarranted sentence disparities among defendants *with similar records* who have been found guilty of similar conduct". (Emphasis added.) Lindsey has provided *no* information

regarding the records of his co-participants.  In absence of such, and in the light of the district court's analysis of Lindsey's extensive criminal history, we can *not* conclude that his sentence produces an unwarranted disparity or constitutes an abuse of discretion.  *See, e.g.*, *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

AFFIRMED.