# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2011

No. 10-50013
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME PANTOJA CARRETERO, also known as Jaime Carretero, also known as Andres Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-490-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Jaime Pantoja Carretero appeals the 70-month sentence imposed following his guilty plea conviction for illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326. Carretero challenges the district court's decision to depart upward pursuant to U.S.S.G. § 4A1.3. He argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50013

Because Carretero did not object to his sentence in the district court, review is for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). To demonstrate plain error, Carretero must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Carretero has failed to demonstrate that his 70-month sentence is substantively unreasonable. The district court's stated reasons for its decision to impose a departure advances § 3553(a)'s objectives of promoting respect for the law and providing deterrence and are justified by the facts of the case. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006). Further, Carretero's 70-month sentence represents a 19-month upward departure from the top of his advisory guidelines range and is within the statutory maximum. *See* § 1326. We have affirmed far more substantial departures than the one imposed in this case. *See e.g., United States v. Smith*, 417 F.3d 483, 491-93 & n.40 (5th Cir. 2005); *United States v. Saldana*, 427 F.3d 298, 312 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.