**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2011

No. 10-30748
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CESAR ALEJANDRO LANDEROS-FUENTES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CR-15-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cesar Alejandro Landeros-Fuentes appeals his 60-month sentence, imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2). Due to Landeros' Sentencing Guidelines criminal-history category's underrepresenting the seriousness of his criminal history, the district court departed upwardly from the presentence investigation report's (PSR) recommended Guidelines' sentencing range of 18 to 24 months' imprisonment and sentenced him, *inter alia*, to 60 months' imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Landeros maintains the district court erred by departing upwardly, claiming the Guidelines accurately accounted for his prior convictions.

Although, post-*Booker*, the sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guideline sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Lopez does not claim procedural error.

As discussed, "the district court's decision to depart upwardly and the extent of that departure" is reviewed for abuse of discretion. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (citation and internal quotation marks omitted). An upward departure is *not* an abuse of discretion if it furthers the 18 U.S.C. § 3553 factors and is justified by the facts of the case. *Id.* That our court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court". *Gall*, 552 U.S. at 51.

The district court departed upwardly based on Guideline § 4A1.3 (authorizes upward departure if defendant's criminal-history category underrepresents seriousness of his criminal history or likelihood of recidivism). Section 4A1.3(a)(2)(E) states: an upward departure may be based on "prior similar adult criminal conduct not resulting in a criminal conviction". U.S.S.G. § 4A1.3(a)(2)(E).

In considering the § 3553 factors, the district court noted: Landeros had repeatedly reentered and committed crimes in the United States; and, despite his numerous reentries, he had only one prior conviction for illegal reentry. Because the district court's stated reasons for imposing the upward departure

furthered the § 3553 factors and were supported by the PSR, the district court did not abuse its discretion in departing upwardly. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 805 (5th Cir. 2008) (upholding 42-month upward variance from 30-month Guidelines maximum based on prior deportations and lack of respect for law).

AFFIRMED.