**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2011

Lyle W. Cayce
Clerk

No. 10-11170
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALBERTO CERVANTES-MARTINEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-106-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alberto Cervantes-Martinez appeals from the 30-month sentence imposed by the district court following his conviction of one count of illegal reentry. The district court upwardly departed from the guidelines range of 15-21 months of imprisonment pursuant to U.S.S.G. § 4A1.3. Cervantes asserts that his prior criminal activity places him within the "heartland" of illegal reentry cases and that, because many of his prior convictions are temporally remote, his criminal history category does not substantially underrepresent the seriousness of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history.  He also contends that he no longer has a motivation to return to this country.

In the context of a Guidelines departure pursuant to § 4A1.3, reasonableness review requires this court to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (quotation marks and citation omitted).  We need not resolve the parties' dispute regarding whether Cervantes' sentence is entitled to a presumption of reasonableness, *see United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), because even without the benefit of such a presumption, the sentence imposed by the district court does not constitute an abuse of discretion given Cervantes' extensive criminal history and record of recidivism.  *See* 18 U.S.C. § 3553(a) (instructing the district court to consider "the history and characteristics of the defendant" as well as, inter alia, the need for the sentence imposed "to promote respect for the law," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant"); *Zuniga-Peralta*, 442 F.3d at 347-48 (affirming a departure based on the district court's finding that the defendant was a recidivist whose criminal-history score did not reflect his lengthy criminal history).

Further, the extent of the departure is less than other sentences that we have affirmed.  *See, e.g.,United States v. Jones*, 444 F.3d 430, 442-43 (5th Cir. 2006) (upholding an upward departure from range of 46-57 months of imprisonment to a sentence of 120 months); *Zuniga-Peralta*, 442 F.3d at 346-48 (upholding upward departure from range of 27-33 months of imprisonment to a sentence of 60 months).  Even were this court to conclude that a different sentence would be better, that "is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.