# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2013

Lyle W. Cayce
Clerk

No. 12-50383
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ANTONIO CASIO-CARO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2993-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jorge Antonio Casio-Caro pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced above the advisory guideline range of 21 to 27 months to 48 months of imprisonment and three years of non-reporting supervised release. He appeals his sentence as procedurally and substantively unreasonable.

Casio-Caro argues that the district court erred procedurally in imposing his sentence because the district court did not adequately explain why it chose

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a sentence of 48 months, why the guideline range was inadequate, or why this particular sentence was the only sentence to address the sentencing concerns raised by the court. He acknowledges that because he made no objection, this issue is reviewed for plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).

The district court provided sufficient reasons for its decision to impose a sentence outside the advisory sentencing guideline system. The district court's choice of sentence, according to its Statement of Reasons (SOR), was based on several of the 18 U.S.C. § 3553(a) factors, including Casio-Caro's history and characteristics, the need for deterrence, the need for the sentence to promote respect for the law, to reflect the seriousness of the offense, and to provide just punishment. *See* § 3553(a)(1), (a)(2)(A)-(C); *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (looking to PSR, district court's statements at sentencing, and the written SOR to determine the reasons for upward departure). The district court noted that Casio-Caro was deported or removed in January of 2011 and arrested in the United States in November of 2011, following five prior immigration convictions, with sentences of 3 months, 21 days, 60 days, 43 days, and 13 months. The district court pointed to Casio-Caro's extensive history of immigration offenses, 16 voluntary returns, and in particular, the fact that he received very lenient sentences for his prior illegal reentry convictions. The district court concluded that a sentence of 48 months would be appropriate considering the § 3553(a) factors, particularly the need for deterrence based on his demonstrated inability to comply with the law. Casio-Caro has not shown that the district court committed procedural error, plain or otherwise, in imposing his sentence. *See Lopez-Velasquez*, 526 F.3d at 807-08.

Making a second procedural challenge to his sentence, Casio-Caro argues that the district court's upward departure failed to meet the procedural requirements of U.S.S.G. § 4A1.3. He contends that the district court merely imposed a sentence double that of the guideline range without discussing the

adequacy of a criminal history category above his or even the adequacy of subsequent offense levels as required by an upward departure under § 4A1.3.

The district court provided notice that it was considering an upward departure under § 4A1.3. However, at the sentencing hearing, the district court did not mention § 4A1.3. The court stated that its sentence was an upward departure and an upward variance. In its written SOR, the district court did not cite § 4A1.3 as a basis for departure. The record reflects that the district court imposed an upward variance pursuant to the § 3553(a) factors and, alternatively, an upward departure under § 5K2.0, not an upward departure pursuant to § 4A1.3. Therefore, Casio-Caro's arguments regarding the required procedures for imposing a departure under § 4A1.3 are without merit.

Casio-Caro argues that his 48-month sentence was greater than necessary to meet the goals of § 3553(a)(2) and was therefore unreasonable. He contends that the court articulated the single factor of deterrence based on his admittedly lengthy criminal history comprised entirely of illegal entry and reentry convictions. He argues that because he had never before faced such a lengthy period of incarceration, the sentence was greater than necessary to deter further criminal conduct and to protect the public from further crimes.

Although Casio-Caro argues for application of the abuse-of-discretion standard of review under *Gall v. United States*, 552 U.S. 38, 51 (2007), the Government correctly points out that because he did not object to the reasonableness of his sentence, plain error review applies. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court noted that Casio-Caro had 16 prior voluntary returns, plus five prior immigration convictions, with lenient sentences ranging from 21 days up to a maximum of only 13 months. The court stated that it did not have any confidence that the message had been delivered effectively in a way that would deter him from coming back. Casio-Caro's actions reflected a complete disregard for the laws of this country which provided a proper basis for an

above-Guideline sentence.  *See Lopez-Velasquez*, 526 F.3d at 805 (affirming upward variance from guideline range of 24-30 months to 72 months where defendant's two prior drug convictions, eleven arrests by immigration officials, and seven deportations showed that defendant had no respect for the law).  The record supports the district court's imposition of a 48-month term of imprisonment, outside the guideline range of 21 to 27 months, but well under the statutory maximum of 120 months.  Casio-Caro has not shown plain error. *See Peltier*, 505 F.3d at 391-92.

AFFIRMED.