# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30622
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SONNY SCOTT,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-23-1

Before BARKSDALE, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Sonny Scott challenges his sentence of 100 months' imprisonment, imposed following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In challenging the substantive reasonableness of his sentence, he claims, *inter alia*, the district court abused its discretion in departing upward from his advisory Guidelines sentencing range, and in the degree to which it departed. U.S.S.G. § 4A1.3(a).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30622

As noted, Scott pleaded guilty to being a felon in possession of a firearm. Before sentencing, the court notified Scott of its intention to consider an upward departure, pursuant to Guideline 4A1.3(a), because: Scott's criminal history was "continuous and extensive"; and the court had obtained reliable information that Scott's criminal-history category substantially underrepresented the seriousness of his criminal history and the likelihood he would commit other crimes. Scott filed a written objection, contending an upward departure would result in an unreasonable sentence.

At sentencing, the court ruled Scott's advisory Guidelines sentencing range was 57–71 months' imprisonment, reflecting a base-offense level of 21 and a criminal-history category of IV. After considering Scott's pattern of criminal behavior and the need ensure safety of the community, the court determined a sentence within Scott's advisory Guidelines sentencing range would be too lenient. It, therefore, considered the impact of increasing Scott's criminal-history category from IV to VI. Determining a criminal-history category of VI with Scott's base-offense level of 21 did not yield a high enough sentencing range, the court ruled a base-offense level of 23 with a criminal-history category of VI, giving Scott an advisory sentencing range of 92 to 115 months' imprisonment, was appropriate to address the court's concerns.

The court sentenced Scott to 100 months' imprisonment, noting that, if it erred in departing upward, it would have imposed the same sentence by variance, considering the 18 U.S.C. § 3553(a) sentencing factors. Scott did not object after the sentence was imposed.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an

ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

First considered is Scott's challenge to the court's decision to depart from the advisory Guidelines sentencing range, to which Scott objected. This court reviews "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion". *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (quoting *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005)).

In his reply brief, however, Scott clarified that he is not challenging the procedure by which the court determined the extent of departure. Therefore, that procedural challenge is not at issue.

On the other hand, for his challenge to the departure's being made, Scott asserts his crime and criminal history were not sufficiently "egregious" to permit the court to departure upward under Guideline 4A1.3(a). The comments to Guideline 4A1.3 state an "egregious" criminal history is just one factor that may "warrant[]" an upward departure; in short, an "egregious" crime or criminal history is not a requirement for Guideline 4A1.3. U.S.S.G. § 4A1.3 cmt. 2(B).

It follows that, even if Scott's crime and criminal history are not "egregious", the court did not abuse its discretion in relying on other relevant factors, including, *inter alia*: his prior sentences exceeded one year, and arose from independent crimes; his spending a large percentage of his adult life in prison; his failure to successfully complete terms of probation and parole; and

his use of weapons in committing his prior crimes.  These factors, along with the 18 U.S.C. § 3553(a) sentencing factors, support the court's conclusion that Scott's advisory Guidelines sentencing range did not adequately represent his pattern of criminal conduct and the great likelihood of recidivism.  U.S.S.G. § 4A1.3(a); *Zuniga-Peralta*, 442 F.3d at 347.

Because Scott did not object in district court to the extent of the departure, his challenge to the extent is reviewed only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  (In his reply brief, Scott challenges this court's requiring an objection to the reasonableness of a sentence be made after the sentence is imposed.  Recognizing this challenge is foreclosed, he presents the issue to preserve it for possible further review.)

For such plain-error review, Scott must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*  For the reasons that follow, the court did not commit plain error.

As discussed *supra*, the court properly concluded that Scott's extensive and continuous criminal activity and use of weapons in committing crimes over a 20-year period increased the likelihood he would continue to engage in dangerous criminal activity.  *Zuniga-Peralta*, 442 F.3d at 347.  The above reasoning applies equally to the extent of the departure.  *Id.*  Along that line, this court must extend deference to the court's ruling the 18 U.S.C. § 3553(a) factors warranted the departure, even if this court would have imposed a different sentence.  *Gall*, 552 U.S. at 51.  Further, this court has affirmed

4

No. 17-30622

departures considerably larger than the 29-month departure in this instance. *E.g.*, *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005) (79-month departure); *United States v. Daughenbaugh*, 49 F.3d 171, 174–75 (5th Cir. 1995) (169-month departure).

AFFIRMED.