# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 22, 2011

Lyle W. Cayce
Clerk

No. 11-40382
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUILLERMO HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-192-7

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Guillermo Hernandez was convicted of conspiring to manufacture or distribute, or to possess with intent to manufacture or distribute, 50 grams or more of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine. He was sentenced to 324 months of imprisonment and five years of supervised release. On appeal, he contends that the district court erred by refusing to reduce his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by increasing his offense level for his role as a manager or supervisor, pursuant to U.S.S.G. § 3B1.1(b).

Sentences are reviewed for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court commits a significant procedural error by improperly calculating the guidelines range. *Id.*

A defendant may receive a two-level reduction in offense level if he "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). We "will affirm a sentencing court's decision not to award a reduction . . . unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F .3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

Even if Hernandez did not affirmatively and falsely deny any relevant conduct, he significantly minimized his role and conduct in the offense and attempted to have a codefendant falsely exculpate him. The district court's refusal to award the reduction based on its finding that Hernandez had not demonstrated acceptance of responsibility was not without foundation. *Cf.* § 3E1.1(a) cmt. n.1(A), n.3; *see United States v. Cabrera*, 288 F.3d 163, 177 (5th Cir. 2002).

A defendant may receive a three-level increase in offense level if he was "a manager or supervisor (but not an organizer or leader)." § 3B1.1(b). A district court's determination that a defendant was a manager or supervisor is reviewed for clear error. *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006).

Even if Hernandez's primary role was not as a supervisor of other participants, the record indicates that he exercised managerial responsibility over the drugs and drug proceeds. *See* § 3B1.1 cmt. n.2. The district court's finding that Hernandez was a manager or supervisor was not clearly erroneous.

*See Rose*, 449 F.3d at 633-34; *United States v. Lopez-Urbina*, 434 F.3d 750, 767 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.