# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2022

Lyle W. Cayce
Clerk

No. 21-10454

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Todd Johnson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-339-9

Before Jolly, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Michael Todd Johnson pleaded guilty to conspiracy to possess with intent to distribute fifty grams or more of methamphetamine. The district court sentenced Johnson to an imprisonment term of 261 months. On appeal, Johnson contends that the district court erred in (1) determining that he was a manager or supervisor in

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the conspiracy; (2) including cash found on Johnson's person in the drug calculation; and (3) imposing an unreasonable sentence. For the reasons given below, we AFFIRM.

## I.    Background

The presentence report ("PSR") sets forth the following salient facts. In 2020, the Drug Enforcement Administration began an investigation into methamphetamine distribution in the Dallas-Fort Worth area by a drug trafficking organization. The organization head distributed methamphetamine to a dealer named Derrick Fannin, who in turn distributed it to Johnson, who then sold the methamphetamine to individuals in Midland, Texas. On one occasion, a woman named "Pam" picked up drugs for Johnson, and on another occasion, a man named Nathan Cook picked up drugs on Johnson's behalf.

In 2020, Johnson met with several other individuals to execute a deal. While driving, Johnson and the others were stopped by officers, who searched the vehicle and found a large amount of methamphetamine. The officers arrested Johnson and discovered cash in the amount of $2,838 in his pocket. Johnson claimed that he intended to use the cash to purchase a truck from one of the other individuals.

After this arrest, Johnson pleaded guilty to conspiring to possess with intent to distribute a controlled substance. At sentencing, the district court relied on several conclusions articulated in the PSR. First, the PSR concluded that Johnson was a manager or supervisor in the conspiracy. The PSR cited the two occasions when other individuals, Pam and Cook, picked up drugs on Johnson's behalf. It accordingly recommended a three-level enhancement.

Second, because the PSR concluded that the money the officers found in Johnson's pocket was drug proceeds, the cash was converted into a quantity of actual methamphetamine. This calculation made Johnson accountable for 1,472 grams of actual methamphetamine and six kilograms of a methamphetamine mixture—amounting to 41,433 kilograms in converted drug weight. Johnson thus earned a base offense level of 36.

Johnson objected to both conclusions. The district court conducted a sentencing hearing, during which it overruled Johnson's objections and adopted the PSR's findings, which included a Guidelines range of 262–327 months. The court heard testimony about Johnson's prior criminal record and rehabilitative efforts. After consideration of the 18 U.S.C. § 3553(a) factors, the court decided to issue a downward variance by treating the methamphetamine as plain rather than actual, lowering the offense level by two points. As a result, the district court considered a "more reasonable guideline range of 210 to 262 months" and sentenced Johnson to 261 months of imprisonment. Johnson timely appealed.

## II.    Discussion

Johnson maintains that the district court erred in (1) applying the manager or supervisor enhancement; (2) converting the $2,838 in cash into methamphetamine when calculating the total drug weight; and (3) imposing an unreasonable sentence. We address each argument in turn.

### A.    Manager/Supervisor Enhancement

Whether a defendant exercised an aggravating role as a manager or supervisor for purposes of an adjustment under § 3B1.1 of the Sentencing Guidelines is a fact finding reviewed for clear error. *United States v. Zuniga–Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United*

*States v. Akins*, 746 F.3d 590, 609 (5th Cir. 2014) (quotation omitted). In making such factual determinations, the district court may base its findings on "any information that has 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (quotation omitted). A PSR generally bears sufficient indicia of reliability for this purpose. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (per curiam).

The Sentencing Guidelines permit a district court to increase a defendant's offense level if he played an aggravating role in the offense at issue. U.S.S.G. § 3B1.1. Relevant here, a court may impose a three-level enhancement if the defendant "was a manager or supervisor" and the "criminal activity involved five or more participants or was otherwise extensive." *Id.* § 3B1.1(b).

Johnson does not dispute that the criminal activity here was "extensive." So, the only issue is whether the PSR supported a finding that Johnson was a "manager or supervisor." The Guidelines themselves do not define "manager" or "supervisor." However, we have upheld sentence enhancements where the defendant "exercised control over another *participant* in the offense" or "exercised management responsibility over the *property*, assets, or activities of a criminal organization." *See, e.g.*, *United States v. Delgado*, 672 F.3d 320, 345 (5th Cir. 2012) (en banc) (emphasis added) (quotation omitted).

Applying this precedent, we conclude it was not clear error for the district court to conclude that Johnson was a "manager or supervisor." First, the PSR supported a finding that Johnson exercised control over other participants in the criminal organization, namely Cook and Pam. According to the PSR, Cook worked as a courier for Johnson on at least one occasion and also met with Fannin to collect methamphetamine to deliver to Waco.

Indeed, Johnson confirmed in his interview with the DEA that Cook had picked up drugs for him. The PSR also indicated that Johnson directed Pam to pick up methamphetamine on his behalf on at least one occasion. As such, it's clear that Johnson, at some point, exercised control over other participants in the criminal organization. *See Akins*, 746 F.3d at 610 (affirming application of § 3B1.1 enhancement where the defendant exercised authority over another individual by instructing him on "how much" to procure and "what to do with the drugs").

Second, according to the PSR, Johnson purchased drugs from Fannin, then sold those drugs to individuals in Midland. Thus, it was plausible to conclude that Johnson exercised control over the organization's drug supply to some extent. *See United States v. Hernandez*, 451 F. App'x 402, 404 (5th Cir. 2011) (per curiam) (affirming application of § 3B1.1 enhancement where defendant exercised responsibility "over the drugs and drug proceeds").

To sum up: the facts as established in the PSR give rise to a plausible conclusion that Johnson acted in a managerial capacity, and therefore, we cannot conclude that the district court clearly erred in applying the three-level enhancement.

## B.    Drug Quantity Determination

The district court's drug quantity determinations are factual findings that we review for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (citation omitted). Johnson argues that the district court clearly erred by converting the $2,838 in cash into a quantity of methamphetamine because there was no indication that he intended to purchase methamphetamine with the cash. However, we need not decide this question because even assuming arguendo that it was implausible for the court to find that the cash was drug proceeds, any such error was harmless. An error is harmless if "the proponent of the sentence proffer[s] sufficient

evidence to convince the appellate court that the district court would have imposed the same sentence, absent the error." *United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010) (alteration in original) (internal quotation marks and citation omitted). In this context, we will not reverse if the base offense level would remain the same if the district court accepted Johnson's improper cash conversion argument. *See United States v. Oti*, 872 F.3d 678, 700 (5th Cir. 2017).

Such is the case here. The PSR's calculation of the converted drug weight placed Johnson in the 30,000-to-90,000-kilogram range.[1] Thus, in order to have any effect on Johnson's base offense level, the converted cash would have had to lower the drug weight significantly enough to place Johnson below that range. However, even excluding the converted cash, Johnson would still surpass the 30,000-kilogram threshold. Because Johnson would still land in the same baseline range, any error by the district court was harmless.

## C.     Substantively Unreasonable Sentence

Finally, since we have concluded that the sentence was procedurally reasonable, we address Johnson's argument that his sentence was substantively unreasonable. *See United States v. Diehl*, 775 F.3d 714, 722-23 (5th Cir. 2015) (explaining that the reasonableness of a sentence is bifurcated

---

[1] The PSR associated Johnson's offense with 1,471.64 grams of actual methamphetamine and six kilograms of a methamphetamine mixture. In converted drug weight, this amounted to 41,432.8 kilograms of methamphetamine. This amount places Johnson's offense within the 30,000-to-90,000-kilogram range, for a base offense level of 36.

The court converted the cash into 320 grams of methamphetamine, for a total drug weight of 6,398 kilograms. Even subtracting the 6,398 kilograms of converted drug weight, Johnson's offense would fall to 35,034 kilograms; still within the 30,000-to-90,000-kilogram range.

into assessing procedural error and then assessing the substantive reasonableness for abuse of discretion). Per Johnson, his sentence was substantively unreasonable because the district court failed to adequately account for his efforts at rehabilitation.

"We presume sentences within or below the calculated guidelines range are reasonable." *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). We conclude that Johnson did not rebut that presumption. The district court heard from counsel about Johnson's rehabilitative efforts and also considered Johnson's criminal history. On balance, it concluded that the sentence of 261 months was sufficient but not greater than necessary to comply with § 3553(a). We will not reweigh the district court's calculus of the relevant factors. Instead, we conclude that the court did not abuse its discretion.

AFFIRMED.