# United States Court of Appeals for the Fifth Circuit

---

No. 25-10223
CONSOLIDATED WITH
No. 25-10226

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL ANGEL MACIAS-FUENTES,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 4:13-CR-19-1, 4:24-CR-198-1

---

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Miguel Angel Macias-Fuentes pleaded guilty to illegal reentry and was sentenced to 60 months of imprisonment and three years of supervised release. In addition, the district court revoked his supervised release and

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

sentenced him to a consecutive term of 12 months in prison. He now appeals, challenging only the 60-month sentence.

Specifically, Macias-Fuentes argues that the district court erred when it calculated the applicable departure range under U.S.S.G. § 4A1.3(a)(4)(A) as encompassing 60 months. As Macias-Fuentes concedes, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Where the district court elects to depart pursuant to § 4A1.3(a)(1), "it is to follow the method for calculating the extent of the departure set forth in §§ 4A1.3(a)(4)(A) and (B)." *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). Although the court did not expressly state it was applying § 4A1.3(a)(4)(B) after departing to Criminal History Category VI, it concluded that a sentence of 60 months was warranted based on Macias-Fuentes's extensive criminal history. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 348 n.2 (5th Cir. 2006). Thus, any error was not clear or obvious. *See id*. But even if it were, any error did not affect his substantial rights given the district court's detailed explanation of its reasons for selecting the 60-month sentence. *See United States v. Tapia*, 946 F.3d 729, 734 (5th Cir. 2020).

Macias-Fuentes also contends that the district court violated the Sixth Amendment when it statutorily enhanced his sentence based on the fact of a prior conviction that was never alleged in the indictment. He acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he raises the issue for potential further review. Because the issue is foreclosed, we reject Macias-Fuentes's argument. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Finally, he has abandoned any challenge to the revocation of his supervised release. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

25-10223
c/w No. 25-10226

Accordingly, the judgments of the district court are AFFIRMED.